**Wen–Ying QIU, Chao–Ying Li, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 12–70961.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 4, 2016.[*]

Filed Feb. 8, 2016.

Gary J. Yerman, Esquire, Yerman & Associates, New York, NY, for Petitioner.

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

Francis William Fraser, I, Esquire, Senior Litigation Counsel, OIL, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: KOZINSKI, O'SCANNLAIN, and GOULD, Circuit Judges.

## MEMORANDUM **

Wen–Ying Qiu, a native and citizen of China, petitions for review of the Board of Immigration Appeals's denial of her second motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We defer to the Board's discretion unless it acted "arbitrarily, irrationally, or contrary to law." *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir.2010) (citing *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002)).

The Board did not abuse its discretion in denying Qiu's motion as time- and number-barred. *See* 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). Qiu contends that conditions in China regarding the persecution of Christians have changed sufficiently since her original hearing to render her eligible for a statutory exception to these requirements. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). But the country reports and other documents Qiu submitted indicate only a continuation of country conditions, and do not demonstrate that Qiu is more likely to be persecuted for her newfound beliefs. Because the record amply supports the BIA's decision, Qiu's petition for review is

**DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).